■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE E. DOLD, Appellant.— Appeal from a judgment of the County Court of Albany County, rendered December 5, 1969, convicting defendant on his plea of guilty of grand larceny in the second degree. Charged in one indictment with grand larceny in the second degree and in another with grand larceny in the third degree and petit larceny, defendant waived extradition in Pennsylvania, where he was jailed, and was taken handcuffed in an auto by two State Police investi-

gators to Albany. During the six or seven hour trip, defendant made certain oral statements admitting guilt. At the suppression hearing, one of the custodial officers testified that they told defendant they were from the State Police, that they had a warrant for his arrest, that he was under indictment and that he didn't have to talk to them. When asked if he had an attorney, defendant replied that he did. When there has been "questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way", the fourfold *Miranda* warnings are applicable (*Miranda* v. *Arizona*, 384 U. S. 436, 444, 467–473; *People* v. *Rodney P.* [*Anonymous*], 21 N Y 2d 1, 3–4, 7). Since the record is barren of a showing that defendant was advised that, if he spoke, anything that he said could be used against him in court and that he was entitled to the assistance of counsel prior to and during the questioning, it is obvious that the warnings, as required, were not extended. Although the testifying investigator related that defendant was not "interrogated" during the trip and that defendant's statements were part of general conversations, said witness admitted on cross-examination that he didn't remember how the conversation turned toward the "crime" charged and that it is possible that it came as the result of a question asked by the investigator. Although volunteered or spontaneous statements, not the product of questioning, made by a suspect while in custody are admissible (*People* v. *Torres*, 21 N Y 2d 49, 54; *People* v. *Foster*, 33 A D 2d 813, cert. den. 400 U. S. 840), at the suppression hearing the People had the burden of proving beyond a reasonable doubt that defendant's statements were made voluntarily (*People* v. *Barton*, 30 A D 2d 764; *People* v. *Fernandez*, 29 A D 2d 667). In view of the lack of recollection and evidentiary proof supporting the prosecution's position on the subject of voluntariness, that burden was not met on the testimony as submitted (cf. *People* v. *Leonti*, 18 N Y 2d 384, 389). Judgment reversed, on the law and the facts, the indictments reinstated and defendant remanded to the County Court of Albany County for a new hearing on the motion to suppress and other proceedings not inconsistent herewith. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Simons, JJ., concur.